IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

MICHAEL FITZGIBBON                                                                                          PLAINTIFF

vs.                                            Civil No. 1:25-CV-01021

FRANK BISIGNANO                                                                                             DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Michael Fitzgibbon ("Plaintiff") brings this action pursuant to § 205(g) of Titles II and XVI of the Social Security Act ("The Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Title II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (ECF No. 5.) Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff filed his application for disability insurance benefits on August 4, 2021, and for supplemental security income on June 5, 2023. (Tr. 13.)[1] In this application, Plaintiff alleged a disability due to a shoulder replacement, heart condition, and bipolar disorder. (Tr. 188.) Plaintiff

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF No. 8. These references are to the page number of the transcript itself not the ECF page number.

1

alleged an onset date of July 21, 2019. (Tr. 13.) The SSA denied Plaintiff's application initially on March 22, 2022, and again upon reconsideration on January 11, 2023. *Id.*

Plaintiff requested an administrative hearing on his denied applications and this request was granted. (Tr. 13.) An Administrative Law Judge ("ALJ") conducted this hearing via telephone on October 26, 2023. *Id*. At this hearing, Plaintiff was present and represented by Randolph Mark Baltz. *Id*. Plaintiff and Vocational Expert ("VE"), Kola L. Brown, testified at the hearing. *Id*.

On October 26, 2023, the ALJ entered an unfavorable decision denying Plaintiff's applications. (Tr. 13-22.) The ALJ determined Plaintiff met the insured status requirements of the Social Security Act through December 31, 2021. (Tr. 16, Finding 1.) The ALJ also determined Plaintiff has not engaged in substantial activity since the alleged onset date of July 21, 2019.

The ALJ then determined Plaintiff had the severe impairments of chronic ischemic heart disease; other and unspecified arthropathies; and mood disorder with anxiety. (Tr. 16, Finding 3.) However, the ALJ determined Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (Tr. 16, Finding 4).

The ALJ determined Plaintiff has the Residual Functional Capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he retains the capacity for a reduced range of light work. He can lift and carry no more than 20 pounds at a time but can otherwise frequently lift and carry up to 10 pounds. He can perform activities that require a good deal of standing and walking, as much as 6 hours in an 8-hour workday. He can engage in only occasional overhead reaching with the right upper extremity. Mentally he can perform detailed tasks involving 3 to 4 variables. He can understand, remember, and carry out instructions. He is able to exercise independent judgment and requires little or no supervision. He is able to interact with supervisors, coworkers, and the public on a frequent basis. He is able to deal with changes in a work setting.

(Tr. 19, Finding 5.)

The ALJ determined Plaintiff had no Past Relevant Work ("PRW"). (Tr. 20, Finding 6.) However, the ALJ found there were jobs in significant numbers in the national economy that Plaintiff can perform. (Tr. 20, Finding 10.) These positions include price marker with approximately 136,000 jobs nationally, sales attendant with approximately 174,000 jobs nationally and router with approximately 25,000 jobs nationally. (Tr. 21.) Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined in the Social Security Act, from July 21, 2019, through the date of the ALJ decision. (Tr. 21, Finding 11.)

On September 15, 2025, Plaintiff filed his Complaint in this Court. (ECF No. 2.) Both Parties have filed appeal briefs. (ECF Nos. 10, 14.) This case is now ready for decision.

**2.      Applicable Law:**

In reviewing this case, the Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

If substantial evidence supports the ALJ's conclusion, the Court cannot reverse simply because substantial evidence also supports a different outcome. *Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010); *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). Therefore, "if after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Goff v. Barnhart*, 421 F.3d 785, 790-91 (8th Cir. 2005); *Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove there are other jobs in the national economy that the claimant can perform. *See* 20 C.F.R. §§ 404.1520(a)-(f); *Cox,* 160 F.3d at 1206; The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.  **Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability decision is not supported by substantial evidence in the record. (ECF No. 10.) In making this claim, Plaintiff makes the following arguments for reversal: (1) the ALJ failed to properly formulate the RFC, (2) the ALJ failed to properly evaluate Plaintiff's severe impairments at Step Two, and (3) the ALJ failed to include all medical opinion evidence when forming the RFC. (ECF No. 10.) In response, Defendant argues the ALJ did not err in any of his findings. (ECF No. 14.)

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily

affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010) (unpublished per curiam).

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence, and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 12th day of December 2025.**

/s/ *Spencer G. Singleton*
HONORABLE SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE